UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA LOVE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 3:13 CV 633 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|     Respondent. | ) |

### OPINION and ORDER

Joshua Love, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Love was found guilty at the Westville Correctional Facility of destroying state property. (DE # 1 at 1.) He was sanctioned with disciplinary segregation, a temporary loss of phone privileges, and an order to pay $275 in restitution. (*Id.*) He claims that his due process rights were violated in connection with the hearing. (*Id.* at 3-4.)

A prison disciplinary sanction can only be challenged in a habeas proceeding if it lengthens the duration of the prisoner's confinement. *Hadley v. Holmes*, 341 F.3d 661, 664-65 (7th Cir. 2003). A prison's decision to house an inmate in segregation, to suspend certain privileges, or to impose other such sanctions affects the severity, not the

duration, of confinement; thus, an inmate cannot use habeas corpus to challenge that determination. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). The sanctions imposed in Love's case did not lengthen the duration of his confinement, and he cannot challenge them in a habeas petition. Instead, "[m]ore-restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Id.* at 644; *see also Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (prisoners are not entitled to due process protections unless a change in prison conditions results in an "atypical and significant hardship" when compared to "the ordinary incidents of prison life").

For these reasons, the petition (DE # 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

**SO ORDERED.**

Date: July 2, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT